UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

JOHN WILEY & SONS, INC.,                :

            Plaintiff,      :       **JUDGE STEIN**

    - against -                         :       **07 CV 11478**

                               :       07 Civ.

NEELAM AWAN AND MALIK AWAN BOTH          :
D/B/A GOFORGOODDEALS, JOHN DOE
NOS. 1-5 AND JANE DOE NOS. 1-5,          :

           Defendants.     :

- - - - - - - - - - - - - - - - - - x

                      COMPLAINT

      Plaintiff John Wiley & Sons, Inc. ("Wiley"), by its undersigned attorneys, for its complaint against defendants Neelam Awan and Malik Awan, both d/b/a goforgooddeals, John Doe Nos. 1-5, and Jane Doe Nos. 1-5 avers:

                      Nature of the Action

      1.   Wiley is bringing this action to obtain legal and equitable relief to remedy defendants' infringement of Wiley's copyright and trademarks through their sales of counterfeit and pirated copies of Wiley's work entitled "Wiley CPA Exam Review Practice Software."

                      Jurisdiction and Venue

      2.   This Court has subject matter jurisdiction over the first four claims for relief in this action pursuant to 28

U.S.C. § 1331 because they arise under the Anti-Counterfeiting Amendments Act of 2004, 18 U.S.C. § 2318, the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq. The Court has subject matter jurisdiction over the fifth claim for relief under 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of the Court that they form the same case or controversy under Article III of the United States Constitution.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

4. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

5. Upon information and belief, defendants Neelam Awan and Malik Awan both d/b/a goforgooddeals ("Awan") are natural persons residing at 735 Trotter Street, Unit D, Thomasville, North Carolina 27360-5479.

6. Upon information and belief, defendants John Doe Nos. 1-5 and Jane Does Nos. 1-5, are associates of Awan whose identities are presently unknown to Wiley.

## Background of this Action

7.  Wiley is one of the world's largest publishers of books and journals. Each year, Wiley publishes thousands of scholarly books and hundreds of scholarly journals in fields including science, computers and medicine.

8.  The works that Wiley publishes are written and edited by experts in their fields. As its standard practice, Wiley requires its authors to assign their copyright in a work to Wiley.

9.  Wiley invests significant monies to publish its copyrighted works. Wiley, for example, incurs substantial costs in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

10. Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced. A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals.

11. Wiley is a leader in the publication of exam review practice software. One of Wiley's most important works is entitled "Wiley CPA Exam Review Practice Software."

12. Wiley routinely registers its copyrights. Wiley

has generally registered its copyrights, including "Wiley CPA Exam Review Practice Software" (the "Wiley Copyright"). The United States Registration for the Wiley Copyright is identified on Schedule A.

13. Wiley also owns numerous trademarks that it uses to differentiate its products from those of its competitors. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule B.

## Defendants' Actions

14. Defendants have, without Wiley's permission or consent, sold pirated and counterfeit CDs that infringe the Wiley Copyright and have counterfeit labels.

15. Defendants have sold these pirated and counterfeit CDs using Internet auction services, such as eBay, and the e-mail address goforgooddeals@yahoo.com and have delivered these CDs using the United States mail and other facilities of interstate commerce to purchasers residing in the United States and in this District.

16. Upon information and belief, defendants have sold these pirated and counterfeit CDs with the intent to trade off the goodwill Wiley has earned and to confuse the public into

believing that the products defendants sell originate from Wiley.

## FIRST CLAIM FOR RELIEF
(Trafficking in Counterfeit Labels -- 18 U.S.C. § 2318)

17. Wiley repeats the allegations contained in Paragraphs 1 through 16 above as if set forth in full.

18. Defendants have knowingly trafficked in counterfeit labels affixed to a CD of a computer program and/or a literary work, using the mail or a facility of interstate commerce, in violation of 28 U.S.C. § 2318(a).

19. Defendants' acts complained of herein have damaged and may continue to damage Wiley irreparably. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is entitled to a preliminary injunction and a permanent injunction restraining enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from further violations of 18 U.S.C. § 2318(a).

20. Wiley is entitled to recover its actual damages resulting from the violation of 18 U.S.C. § 2318(a), as calculated under 18 U.S.C. § 2318(f)(3), or statutory damages under 18 U.S.C. § 2318(f)(4), as Wiley may elect prior to the entry of judgment.

SECOND CLAIM FOR RELIEF
(Trademark Infringement -- 15 U.S.C. § 1114(a))

21. Wiley repeats the averments in paragraphs 1 through 20 above as if set forth in full.

22. Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations. The Wiley Trademarks are valid and enforceable.

23. Defendants have infringed the Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using the Wiley Trademarks in and on their CDs without Wiley's consent.

24. Defendants' acts complained of herein have damaged and may continue to damage Wiley irreparably. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation of them.

25. Because defendants have willfully infringed the Wiley Trademarks, Wiley is entitled to recover (1) defendants' profits from the infringing CDs, (2) Wiley's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

26. Wiley repeats the averments in paragraphs 1 through 25 above as if set forth in full.

27. In connection with the sale of their pirated CDs, defendants have used counterfeits of the Wiley Trademarks.

28. Based upon defendants' use of counterfeits of the Wiley Trademarks in connection with their sales of pirated CDs, Wiley is entitled to recover treble damages, treble profits, and/or statutory damages, pursuant to 15 U.S.C. § 1117(b) and (c).

FOURTH CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

29. Wiley repeats the averments in paragraphs 1 through 28 as if set forth in full.

30. Wiley owns the Wiley Copyright.

31. Wiley has registered and received United States Certificate of Copyright Registration for the Wiley Copyright.

32. The Wiley Copyright is valid and enforceable.

33. Defendants have infringed the Wiley Copyright in violation of 17 U.S.C. § 501.

34. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and

injuries. Wiley is, therefore, entitled to a preliminary and a permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Wiley Copyright.

35. Defendants have willfully infringed the Wiley Copyright. Wiley is therefore entitled to recover (1) defendants' profits, or (2) Wiley's damages, or alternatively (3) statutory damages.

## FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

36. Wiley repeats the averments in paragraphs 1 through 35 above as if set forth in full.

37. Defendants' acts complained of herein have damaged and may continue to damage Wiley irreparably. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and a permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation or variation of them, to restitution of defendants' ill-gotten gains, and to punitive damages.

WHEREFORE, Wiley demands judgment:

A. Preliminarily and permanently enjoining defendants, and their employees, agents, servants and attorneys and all those acting in concert with them from violating 18 U.S.C. § 2318(a), 15 U.S.C. § 1114(a), and 17 U.S.C. § 501;

B. Awarding Wiley its damages and/or defendants' profits from their unlawful trafficking in counterfeit labels, trademark infringement, trademark counterfeiting, copyright infringement and/or unfair competition;

C. Awarding Wiley treble damages, treble profits, statutory damages and/or punitive damages;

D. Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

E. Awarding Wiley its costs in this action including its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and

F. Granting such other and further relief as to this

Court seems just and proper.

Dated:  New York, New York
        December 21, 2007

                                                DUNNEGAN LLC

                                                By _/s/ William Dunnegan_
                                                  William Dunnegan (WD9316)
                                                  Megan L. Martin (MM4396)
                                              Attorneys for Plaintiff
                                                John Wiley & Sons, Inc.
                                              350 Fifth Avenue
                                              New York, New York 10118
                                              (212) 332-8300

Schedule A
"Wiley Copyright"

<u>Title</u> <u>(Date of Registration)</u> <u>(Registration #)</u>

1. Wiley CPA Exam Review Practice Software, (February 11, 2005) (TX-6-093-345).